**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Leland Neal, Rex Carl Sagely, | CV-09-8203-PCT-JAT |
| Plaintiff(s), | |
| v. | **ORDER** |
| State of Arizona, Robert Devries, Tom Sheahan, Roger Vanderpool, Stacey K. Stanton, Gale Garriott, | |
| Defendant(s). | |

Pending before the Court is Defendant Thomas Sheahan's Motion to Dismiss (Doc. # 28); Plaintiffs' Motion for Preliminary Injunction (Doc. # 37); Plaintiffs' Motion for Entry of Default (Doc. # 48); Defendants State of Arizona, Roger Vanderpool, Gale Garriott, and Stacy K. Stanton's Motion to Dismiss (Doc. # 50); Defendant Robert Devries' Amended Motion to Extend Time to Respond to Plaintiffs' Motion for Preliminary Injunction (Doc. # 58); Plaintiffs' Motion to Exceed Motion and Memorandum Page Limits (Doc. # 63); Plaintiffs' Motion to Expedite Briefing Schedule on State Defendants' Motion to Dismiss (Doc. # 67); and Defendant Robert Devries' Motion to Dismiss (Doc. # 66). For the reasons that follow, the Court dismisses this action for a lack of subject matter jurisdiction.

Plaintiffs are members of the Pembina Nation Little Shell Band of North America ("Little Shell Band"). Plaintiffs action stems from the Defendants' refusal to recognize the validity of the Little Shell Band's transportation code. Specifically, Plaintiffs allege that Defendants refuse to recognize drivers licenses, motor vehicle registrations, and motor

| | |
|---|---|
| 1 | vehicle license plates issued under the Little Shell Band's transportation code. |
| 2 | "The party asserting jurisdiction has the burden of proving all jurisdictional facts." |
| 3 | *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990) (citing *McNutt v.* |
| 4 | *Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). In effect, the Court presumes |
| 5 | lack of jurisdiction until Plaintiffs prove otherwise. *Stock West, Inc. v. Confederated Tribes*, |
| 6 | 873 F.2d 1221, 1225 (9th Cir. 1989). The defense of lack of subject matter jurisdiction may |
| 7 | be raised at any time by the parties or the Court. FED. R. CIV. P. 12(h)(3). |

Plaintiffs' complaint is nearly identical to the complaint Plaintiff Richard Leland Neal–one of two plaintiffs in this present action–filed in CV 07-8025-PCT-SMM. In that case, Judge McNamee dismissed Plaintiff Neal's complaint for a lack of subject matter jurisdiction. The Court finds the reasoning of Judge McNamee persuasive, and given the similarity between the two actions, the Court hereby adopts Judge McNamee's reasoning and conclusion:

> Based on a review of the Complaint, the Court finds that Plaintiff has failed to allege a proper basis for invoking this Court's jurisdiction. Plaintiff asserts the existence of jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(a)(3), 1362 and 1367(a). (Dkt.1). First, Plaintiff has not provided a well-pleaded federal cause of action that could serve as a basis for this lawsuit pursuant to § 1331. Plaintiff's Complaint consists of a string of conclusory allegations, most of which are difficult to decipher. Without a federal cause of action on which to base the Court's jurisdiction, the Court will [not] exercise supplemental jurisdiction over Plaintiff's state law claims for breach of contract pursuant. *See* 28 U.S.C. § 1367(a). Plaintiff cannot establish jurisdiction under § 1362 since it only applies to civil actions brought by a tribe or band with a governing body recognized by the Secretary of the Interior. *See* 28 U.S.C. § 1362. Plaintiff is bringing this action on his own, not his band's behalf. Morever, even if Plaintiff had brought this action on behalf of his band, as he admits in his own Complaint, the Pembina Nation is not federally recognized. Plaintiff cannot establish diversity jurisdiction under 28 U.S.C. § 1332 since all of the parties are citizens of Arizona. Finally, the Court finds that Plaintiff has not demonstrated a deprivation of any right provided by the Constitution or an Act of Congress that would establish jurisdiction pursuant to 28 U.S.C. § 1343. Plaintiff's Complaint has which is based on traffic tickets for driving on a suspended driver's licence and failing to yield to a traffic control device and his claims arise from the alleged failure to recognize the transportation code of a band that is not federally recognized. Federal courts are presumptively without jurisdiction over civil actions and the burden of establishing that jurisdiction exists rests upon the party asserting jurisdiction. *Scott v. Breeland,* 792 F.2d 925, 927 (9th Cir.1986). In light of Plaintiff's failure to meet his burden of establishing this Court's jurisdiction, the Complaint will be dismissed without prejudice.

Indeed, the unanimous authority of the federal courts appears to affirm that the Pembina Nation Little Shell Band of North America is not federally recognized. *See*, *e.g.*, *Reed v. U.S. Bank Nat. Assoc.*, 212 F.App'x. 707, 708 (9th Cir. 2006) ("The district court did not abuse its discretion in declining to recognize the Pembina court judgment because the Pembina Nation Little Shell Band is not a federally recognized tribe . . . ."); *Mulder v. Lundberg*, 154 F.App'x 52, 55 (10th Cir. 2005) (noting that "the Bureau of Indian Affairs does not recognize [Pembina Nation Little Shell Band of North America] or its courts."); *Delorme v. United States*, 354 F.3d 810, 814 n.6 (8th Cir. 2004) ("The Little Shell Band of Chippewa Indians of North Dakota (also known as the Little Shell Pembina Band of North America) is a federally unrecognized band . . . ."); *U.S. v. White*, 2008 WL 4816987, 3 (W.D. Mo. 2008) ("The unanimous authority of the federal court has found that the Pembina Nation is not a federally recognized tribe. As such, the Pembina Nation has no recognized authority to issue license plates for motor vehicles traveling in the state of Missouri.") (citations omitted); *U.S. v. Stowbunenko-Saitschenko*, 2007 WL 865392, 1 (D. Ariz. 2007) ("The [Pembina Nation Little Shell Band of North America] has not been formally recognized by the United States."); *Richmond v. Wampanoag Tribal Court Cases,* 431 F.Supp.2d 1159, 1167-69 (D. Utah 2006) (stating that Pembina Nation Little Shell Band is not a federally recognized Indian tribe). *See also* 74 FR 40218-02 (the Bureau of Indian Affairs' publication listing "Indian Entities Recognized and Eligible To Receive Services From the United States Bureau of Indian Affairs," which lists over 560 such tribes, none of which are the Little Shell Band).

Given that it is Plaintiffs' burden to demonstrate that this Court has subject matter jurisdiction over Plaintiffs' claims, and given that Plaintiffs are not members of a federally recognized tribe or band, nor have they shown any other basis for invoking this Court's limited jurisdiction, the Court must dismiss this action pursuant to Federal Rules of Civil Procedure 12(b)(1), (h)(3).[1]

---

[1] Plaintiffs also allege that jurisdiction "is proper under the Treaty with the Delawares, 1778 and the Old Crossing Treaty of 1863 with the Chippewa Red Lake and

Accordingly,

**IT IS ORDERED** that this action is dismissed without prejudice.

**IT IS FURTHER ORDERED** that Defendant Thomas Sheahan's Motion to Dismiss (Doc. # 28) is denied as moot.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Preliminary Injunction (Doc. # 37) is denied.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Entry of Default (Doc. # 48) is denied.

**IT IS FURTHER ORDERED** that Defendants State of Arizona, Roger Vanderpool, Gale Garriott, and Stacy K. Stanton's Motion to Dismiss (Doc. # 50) is granted to the extent it is premised upon a lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that Defendant Robert Devries' Amended Motion to Extend Time to Respond to Plaintiffs' Motion for Preliminary Injunction (Doc. # 58) is denied as moot.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Exceed Motion and Memorandum Page Limits (Doc. # 63) is granted. The Clerk of the Court shall cause the

---

Pembina Bands." (Doc. # 26 at p.2 , ¶ 2.) The Court has reviewed the copies of the treaties provided by Plaintiffs, and they are unavailing in conferring jurisdiction upon this Court. They neither form a basis for official federal recognition for the Little Shell Band, nor do they envision reciprocity between the Little Shell Band's transportation codes and the several states. *See White*, 2008 WL 4816987 at 3 (rejecting Old Crossing Treaty of 1863 as a basis for asserting federal recognition of the Little Shell Band); *Stowbunenko-Saitschenko*, 2007 WL 865392 at 2 (discussing same treaty). Hence, the treaties cited by Plaintiffs do not afford a basis for federal jurisdiction, nor do Defendants refusal to recognize the Little Shell Band's transportation codes constitute a violation of these treaties.

Additionally, Plaintiffs allege that Defendants maintain a policy and custom of unreasonable conduct abridging fundamental laws by not recognizing the Little Shell Band's transportation codes. *See, e.g.*, Doc. # 26, p. 32, ¶ 125; p.34, ¶ 132. However, as discussed above, because the Little Shell Band is not federally recognized, Defendants need not heed any such transportation codes; and, any such policy or custom, even as alleged by Plaintiffs, is not in violation of the United States Constitution or any of the treaties cited by Plaintiffs.

documents currently lodged at Doc. #'s 64 and 65 to be filed.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Expedite Briefing Schedule on State Defendants' Motion to Dismiss (Doc. # 67) is granted.

**IT IS FURTHER ORDERED** that Defendant Robert Devries' Motion to Dismiss (Doc. # 66) is granted to the extent it is premised upon a lack of subject matter jurisdiction.[2]

**IT IS FINALLY ORDERED** that the Clerk of the Court shall enter judgment accordingly and close this case.

DATED this 13th day of January, 2010.

_____
James A. Teilborg
United States District Judge

---

[2] Defendant Robert Devries requested oral argument in his motion to dismiss Plaintiffs' complaint. However, because both the parties submitted memoranda discussing the law and evidence in support of their positions and oral argument would not have aided the Court's decisional process, and because the Court is granting Defendant Devries' requested relief, the Court denies Defendant Devries' request for oral argument. *See Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998); *Lake at Las Vegas Investors Group, Inc. v. Pacific. Dev. Malibu Corp.*, 933 F.2d 724, 729 (9th Cir. 1991).